Entered on Docket
October 20, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 19, 2005

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

```
In re:                          )   Bankruptcy Case
                                )   No. 05-30946-TEC
LIMITED EDITION RUBBERSTAMPS,   )   Chapter 7
                                )
                                )   Date: September 26, 2005
                                )   Time: 9:30 a.m.
                                )   Crtrm: 235 Pine St., 23rd Fl.
              Debtor.           )          San Francisco, CA
_____  )
```

### MEMORANDUM OF DECISION

On September 26, 2005, the court held a continued hearing on the United States Trustee's Motion to Review Fees paid to Debtor's counsel. Frank M. Cadigan, Jr. appeared for the United States Trustee. Aron M. Oliner appeared for the chapter 7 trustee. Debtor's counsel did not appear.

**FACTS**

Debtor is a sole proprietorship, the fictitious business name of Leigh Edwards. Although Debtor is not a separate legal entity, Ms. Edwards and Debtor filed separate no-asset, chapter 7 bankruptcy cases on April 3, 2005. Jonathan G. Chance received $2,500 for attorney fees in the Limited Editions Rubberstamps case and $1,000 for Ms. Edwards' case. The United States Trustee moves

MEMORANDUM OF DECISION                -1-

for a review of Mr. Chance's fees in the Rubberstamps case, and for disgorgement of any fees determined to be excessive.

After the continued hearing, Mr. Chance submitted time records, which he represents is for work related only to the Rubberstamps case. These time records set forth fees totaling $6,454.50, at a rate of $275 per hour.[1/] The court categorizes these fees as follows:

(1) $1,981.50 for prepetition services (7.2 hours).[2/] This sum represents $1,238 for meeting with the client to review Debtor's assets and debts, and $743.50 to review related documents. Included in the document-review fees is $275 charged for "review of client's assets and inventory list re preparation of schedules".

(2) $138 for 1/2 hour preparing and filing Debtor's skeletal voluntary petition. After the petition was filed, Mr. Chance billed $83 to draft two e-mails regarding "creditor actions" and the 341 meeting.

(3) $1,075 (3.9 hours) for Debtor's Schedules and Statement of Financial Affairs. These documents were filed in this case on the same day that Ms. Edwards filed her Schedules and Statement of Financial Affairs, and only after an Order to Show Cause was entered directing Debtor to file the required documents.[3/]

---

[1/] Mr. Chance's billing summary totals the fees as $6,930. Pursuant to the court's calculations, the line-item fees total $6,454.50.

[2/] The actual number of hours is 9; however, Mr. Chance did not always charge for the full amount of the time billed. 7.2 hours represents the charge recorded ($1981.50) divided by the billing rate ($275).

[3/] An identical OSC was also filed in Ms. Edwards' bankruptcy case.

**MEMORANDUM OF DECISION** -2-

(4) $1,677 for the section 341 meeting of creditors. More than half of this amount ($907) was incurred obtaining two continuances. Of this amount, $686 is for a personal appearance to request a continuance. Mr. Chance never filed a stipulation documenting the continuances.

(5) $754 regarding the chapter 7 trustee's document requests.

(6) $746 for responding to the United States Trustee's Motion to Review Fees.

I determine that only one bankruptcy case was necessary. It was sufficient for Ms. Edwards to file an individual case, listing Limited Edition Rubberstamps as a fictitious business name she had used. I also determine that Mr. Chance's fees for the two cases are excessive and should be reduced, and that Mr. Chance should be required to repay the $209 fee for filing the unnecessary bankruptcy case.

First, Ms. Edwards' bankruptcy case is not complex. Ms. Edwards owns no real property, and has no secured or priority debt. Ms. Edwards owns personal property worth less than $20,000. The documents Mr. Chance needed to review to draft Debtor's petition, Schedules and Statement of Financial Affairs are limited: approximately 55 pages of documents related to Debtor's liabilities, and a two-page, detailed list regarding Debtor's assets.

**FEES FOR PREPETITION SERVICES AND PETITION**

Based on my review of the documents submitted by Debtor's counsel and counsel for the chapter 7 trustee, I find that $275 is a reasonable fee for the prepetition services related to filing the voluntary petition. The voluntary petition is a skeletal, two-page

**MEMORANDUM OF DECISION** -3-

document, that provides only the most basic information about Debtor (i.e., Debtor's name, address, county of residence, type of Debtor, debt nature, and estimated number of creditors, assets, and debts). The court was able to determine this limited information from the documents in less than half an hour. I find that Mr. Chance needed no more than one hour to review Debtor's documents, draft the petition, and obtain his client's signature.

**FEES RE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

I find that $825 ($275 x 3) is a reasonable fee for drafting, revising and filing Debtors' Schedules and Statement of Financial Affairs. Drafting these documents required Mr. Chance to review a limited number of documents, a detailed review of which should have taken no more than one hour. Communicating with Ms. Edwards regarding the draft Schedules and Statement of Financial Affairs and finalizing these documents for filing reasonably should have taken no more than two hours.

I find that the $825 reasonable fee should be reduced in this case to $0 for the following reasons. First, counsel was paid in full for drafting the Schedules and Statement of Financial Affairs in Ms. Edwards' bankruptcy case, and only one bankruptcy case should have been filed. Second, the Schedules filed by Mr. Chance are infirm. Assuming, *arguendo*, that a separate filing had been necessary, the Schedules filed in Debtor's case omit significant liabilities known to Mr. Chance both from the documents and from specific comments made by Ms. Edwards (see 5/16/05 and 5/17/05 fax from Ms. Edwards re her "great reservations" about "significant errors" in the Schedules). Third, even if some fee were appropriate for the unnecessary second set of Schedules, the

**MEMORANDUM OF DECISION** -4-

Schedules filed in this case are less complex than those filed in Ms. Edwards' case because there is no Schedule I & J (income and expense schedules), yet Mr. Chance sought and was paid less for his work on Ms. Edwards' Schedules. The same holds true regarding Debtor's Statement of Financial Affairs and the related fees.

**FEES RE 341 MEETING**

I find that $700 is a reasonable fee for continuing and attending the 341 meeting, and for traveling to and from the 341 meeting in San Francisco from Mr. Chance's office in Redwood City. This fee represents two hours for substantive legal work, and two hours travel time at a reduced rate of $75 per hour. In so finding, I note the following. First, the continuances obtained by Mr. Chance were informal, and never documented by a filed stipulation. Thus, the cost of the continuances should have been minimal. Second, Mr. Chance provides no explanation why he appeared in person to obtain one of the continuances, which could have been continued by a less expensive method.

I find that this fee award should be reduced to $0, because the 341 meeting in this case was necessary only because Mr. Chance filed the unnecessary bankruptcy case on behalf of Ms. Edward's sole proprietorship. Further, Mr. Chance has already been paid for his attendance at the 341 meeting in Ms. Edwards' bankruptcy case.

**OTHER FEES**

I find that the $754 sought by Mr. Chance related to the 2004 Order and the chapter 7 trustee document requests are reasonable, and that Mr. Chance has not yet been paid on account of these services.

**MEMORANDUM OF DECISION** -5-

I find that Debtor should pay no fees related to Mr. Chance's defense of the United States Trustee Motion to Review Fees, because this work benefitted only Mr. Chance, and because Mr. Chance did not prevail on the Motion.

I find that Mr. Chance should reimburse Ms. Edwards the $209 fee for filing two separate chapter 7 cases that should have been filed as one.

**SUMMARY**

Mr. Chance seeks $3,500 for his work in two cases that should have been filed as one case. Mr. Chance has already received $1,000 for his services related to these cases. For the reasons stated above, I find that Mr. Chance should be paid as follows: (1) $275 for prepetition services and services related to filing Debtor's petition, (2) $0 for services related to filing Debtor's Schedules and Statement of Financial Affairs, (3) $0 for services related to the section 341 meeting, (4) $0 for services related to responding to the United States Trustee's Fee Review Motion, and (5) $754 for services related to the 2004 Order and the chapter 7 trustee document requests. I find that Mr. Chance should repay Ms. Edwards the $209 fee for filing the unnecessary case.

**\*\*END OF MEMORANDUM\*\***

MEMORANDUM OF DECISION -6-

```
 1                        Court Service List

 2  Leigh Edwards
    fbda Limited Editions Rubberstamps
 3  1011c Bransten Rd.
    San Carlos, CA 94070
 4
    Jonathan G. Chance
 5  Law Offices of Jonathan G. Chance
    1605 Middlefield Rd.
 6  Redwood City, CA 94063

 7  Janina M. Elder
    P.O. Box 1657
 8  Santa Rosa, CA 95402

 9  Aron M. Oliner
    Buchalter, Nemer, Fields and Younger
10  333 Market St. 25th Fl.
    San Francisco, CA 94105-2130
11
    Office of the U.S. Trustee
12  235 Pine Street
    Suite 700
13  San Francisco, CA 94104

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```